UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIRSAD TASIC and SEVALA TASIC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:13CV00840 AGF |
| ) | |
| WELLS FARGO BANK, N.A. and ) | |
| HEARTLAND BANK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiffs Mirsad Tasic and Sevala Tasic to remand the case to the Missouri state court in which it was filed. For the reasons set forth below, this motion shall be denied.

## BACKGROUND

Plaintiffs, husband and wife and citizens of Missouri, filed this complaint in Missouri state court on March 20, 2013. They alleged that a September 12, 2008 promissory note between Mirsad Tasic and Defendant Heartland Bank ("Heartland") for $96,740.00 ("the Note"), and a Deed of Trust for Plaintiffs' residence that secured the Note, were unenforceable. The Note, which is attached as an exhibit to Plaintiffs' state court complaint, required a monthly payment of $641.82, plus interest of 7% per annum, with a maturity date of October 1, 2038. Mirsad Tasic's name on the signature line was hand-printed in capital letters. On the bottom of the Note is an undated stamped

endorsement of the Note to Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), with the purported signature of Pearl Dilg, a vice president of Heartland.

The Deed of Trust, also attached to the original complaint, also shows Mirsad Tasic's name on the signature line as hand-printed in capital letters. Each of the eight pages of this document is initialed, "M.T." The Deed of Trust includes a notary's signed statement that Mirsad Tasic personally appeared before her and, pursuant to a waiver of marital rights by Sevala Tasic, executed the Deed of Trust.

In the Complaint, Plaintiffs asserted that the Note and Deed of Trust were void because Mirsad Tasic's name on the Note "was printed on the signature line . . . and thus . . . was not signed by Plaintiff Mirsad Tasic"; Mirsad Tasic did not sign his name before the notary whose name appears on the Deed of Trust; the notary's signature is that of another person; and Sevala Tasic did not sign the Note, Deed of Trust, or the marital waiver. The original complaint includes the allegation that Sevala Tasic "cannot sign her name."

Plaintiffs further asserted that the endorsement of the Note by Heartland to Wells Fargo was improper because it was "unaccompanied by affidavit of a competent witness as proof that the person signing said notes was Vice President of said bank . . . ."; and because Mirsad Tasic had not signed the Note in the first place. (Doc. No. 4 at 15-16.)

The complaint was in four counts: Counts I through III sought declaratory judgment against Wells Fargo that the Note and lien on Plaintiffs' residence were void. In Count IV, Plaintiffs sought to quiet title to their residence against both Defendants.

For the purposes of diversity jurisdiction, Wells Fargo is a citizen of South Dakota and Heartland is a citizen of Missouri.

On May 2, 2013, Wells Fargo, with the consent of Heartland, removed the case from state court. Wells Fargo maintained that the Note was properly endorsed to Wells Fargo, and that there was no basis to bring a quiet title claim against Heartland which has no cognizable interest in the property in question. Thus, Wells Fargo asserted, Heartland was improperly joined and should not be considered for diversity jurisdiction. On the same day, Heartland filed a motion to dismiss for failure to state a claim, arguing that the Note had been validly assigned and disclaiming any interest in the matter.

On May 5, 2013, Plaintiffs filed a First Amended Complaint, echoing the allegations in the original complaint, and adding Heartland as a Defendant to the counts for declaratory judgment that the Note, Deed of Trust, and marital waiver were void. Plaintiffs add the allegations that the endorsement of the Note to Wells Fargo was without any effect because Dilg was not a vice president of Heartland and the endorsement was not authorized by the by-laws or resolution of "said Bank." In addition, the First Amended Complaint includes a count for damages against Heartland for employing the notary mentioned above, and knowing about all the alleged signature deficiencies on the documents; and a count for damages against Wells Fargo.

Also on May 5, 2013, Plaintiffs filed the motion to remand now under consideration. They argue that they must seek to quiet title against both Defendants because the endorsement of the Note from Heartland to Wells Fargo was invalid in that it lacked a third-party affidavit and, therefore, Heartland still has an interest in the property.

3

Plaintiffs assert that because the Deed of Trust is recorded with the St. Louis County Recorder of Deeds, but the Note "and assignment thereof" are not, "there is nothing in the land records to show that Heartland Bank has assigned its interest in said deed of trust and is no longer interested in said deed of trust." (Doc. No. 7 at 8.) Plaintiffs argue that the claims in the First Amended Complaint should be considered for the purposes of diversity jurisdiction.

Heartland opposes the motion to remand, maintaining that only the complaint at the time of removal is relevant to the jurisdictional question and that at the time of removal Heartland was not a proper party to the suit. Heartland argues that it is not a necessary party to Plaintiffs' quiet title claim because of the endorsement of the Note to Wells Fargo. Thus, according to Wells Fargo, Heartland was fraudulently joined. Wells Fargo argues further that the result remains the same even under the First Amended Complaint.

In support of its position, Heartland submits a copy of an Assignment of the Deed of Trust from Heartland's nominee to Wells Fargo, as recorded with the St. Louis County Recorder of Deeds on November 11, 2011; the affidavit of Pearl Dilg attesting that she signed the endorsement on the Note as a vice president of Heartland; and the affidavit of the notary whose name appears on the Deed of Trust and marital waiver, attesting that the signature on those documents was her official signature, and that it was her practice to

require borrowers in the process of acquiring loans to be in front of her when they sign the documents she notorizes. (Doc. No. 19-1, 19-2, 19-3.)[1]

An exhibit to the notary's affidavit is a waiver of marital rights with regard to the property, with Sevala Tasic's name hand-printed on the signature line in capital and lower case letters. Another exhibit to the notary's affidavit is a signature card dated September 12, 2008, showing Mirsad Tasic's name typed and hand-printed in capital letters. The card is notorized by the same notary.

## **DISCUSSION**

For this Court to have jurisdiction over this matter there must be complete diversity of citizenship of the parties, as well as an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332. Here, there is no assertion that the amount in controversy has not been met. For purposes of diversity of citizenship, "a plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy." *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (citations omitted). "A defendant seeking removal [must] prove that the plaintiff's claim against the diversity-destroying defendant has no reasonable basis in fact and law." *Knudson v. Sys. Painters, Inc*., 634 F.3d 968, 980 (8th Cir. 2011) (citation omitted). "However, joinder is not fraudulent where there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id*.;

---

[1] It is proper for the Court to consider materials outside the pleadings in resolving a fraudulent joinder issue on a motion to remand. *See In re Genetically Modified Rice Litig*., 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009) (considering affidavits and other evidence).

*see also Hatcher v. McJunkin Red Man Corp.*, No. 4:12-CV-1887 CAS, 2013 WL 1037815, at *4 (E.D. Mo. Mar. 14, 2013).

When a plaintiff seeks to remand a case to state court on the theory that the case was improperly removed due to fraudulent joinder, this Court considers the state of the case at the time of removal. *See Kent v. Bank of Am., N.A.*, No. 11–2315 (JRT/LIB), 2012 WL 3582717, at *2 n.2 (D. Minn. Aug. 17, 2012) ("For the purposes of fraudulent joinder, the Court need only consider the claims brought against [Defendant] in the original—not the amended—complaint because fraudulent joinder exists if 'on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant.'") (quoting *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983)).[2]

As noted above, in Plaintiffs' original complaint, Heartland is only implicated as a Defendant in Plaintiffs claim to quiet title for the property in question. The Court concludes that there is no reasonable basis for predicting that a Missouri court might find merit to Plaintiff's theory of why the assignment of the Note to Wells Fargo was void. Third-party affidavits were not necessary for the endorsement of the Note. *See* Mo. Rev. Stat. § 400.3-205(a) (applying the principals of § 400.3-110 to an endorsement by the

---

[2] There is some conflicting authority on this point. *See, e.g., Estates of Hope and Briney v. Mr. Heater Corp.*, No. 08–cv–701–bbc, 2009 WL 1009793, at *3 (W.D. Wis. April 13, 2009) (holding that motion to amend should be considered). However, this Court agrees with another court in this Circuit that "[s]witching the order of analysis would permit a plaintiff faced with a meritorious fraudulent joinder argument to plead in the amended complaint fewer facts than would be passable under Fed. R. Civ. P. 12(b)(6) and create a colorable claim that compels remand." *Brinkman v. Bank of Am., N.A.*, ___ F. Supp. 2d ___, 2012 WL 3582928, at *9 n.5 (D. Minn. Aug. 12, 2012).

holder of a negotiable instrument); *Mitchell v. Residential Funding Corp.,* 334 S.W.3d 477, 504 (Mo. Ct. App. 2010) (holding that a promissory note is a negotiable instrument).

Plaintiffs' claim that the assignment was not valid because the Note was not "signed" by Mirsad Tasic is equally baseless. The Court concludes that there was no reasonable basis in fact and law to include Heartland as a Defendant in the original complaint, and that thus, at the time of removal, there was complete diversity of citizenship between the parties.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand is denied. (Doc. No. 6).

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2013.